# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 1:20-cv-716 |
| Plaintiff, | : | |
| v. | : | |
| **ONE 2013 DODGE CHARGER, VIN 2C3CDXAT1DH549876, WITH ALL ATTACHMENTS THEREON,** | : | **VERIFIED COMPLAINT FOR FORFEITURE IN REM** |
| Defendant 1, | : | |
| and | : | |
| **ONE 2007 CADILLAC ESCALADE, VIN 1GYFK63867R199273, WITH ALL ATTACHMENTS THEREON,** | : | |
| Defendant 2. | : | |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendants in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

**THE DEFENDANTS IN REM**

2. Defendant 1 is a 2013 Dodge Charger, VIN 2C3CDXAT1DH549876, with all attachments thereon. On or about January 28, 2020, the Federal Bureau of Investigation ("FBI") seized Defendant 1 from the residence of Frederick D. Hill, Jr. located at 803 10th Avenue, Middletown, Ohio, while executing a federal search warrant. The FBI transferred custody of Defendant 1 to a property custodian of the United States Marshals Service ("USMS"), where it will remain during the pendency of this action.

3. Defendant 2 is a 2007 Cadillac Escalade, VIN 1GYFK63867R199273, with all attachments thereon. On or about January 28, 2020, the FBI seized Defendant 2 from the residence of Frederick D. Hill, Jr. located at 803 10th Avenue, Middletown, Ohio, while executing a federal search warrant. The FBI transferred custody of Defendant 2 to a property custodian of the USMS, where it will remain during the pendency of this action.

**JURISDICTION AND VENUE**

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendants pursuant to 21 U.S.C. § 881(a)(6). This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the defendants pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and pursuant to 28 U.S.C. § 1395 because the defendants were found in the Southern District of Ohio.

**BASIS FOR FORFEITURE**

7. The defendants are subject to forfeiture under 21 U.S.C. § 881(a)(6) because they represent property furnished or intended to be furnished in exchange for a controlled substance, represent proceeds traceable to such an exchange, or were used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846.

**FACTS**

8. In or about January 2019, the FBI, Middletown Police Department Special Operations Unit, Butler County Undercover Regional Narcotics unit, and Bureau of Alcohol, Tobacco, Firearms and Explosives initiated a multi-agency joint investigation into the All State Violent Criminal Organization ("All State"), which is based in Middletown, Ohio.

9. Multiple sources of information have confirmed that All State engaged in putting contract "hits" on individuals. All State directed at least four contract killings and was involved in attempted murders and in the shootings of vehicles and residences.

10. In addition to the violence perpetrated by All State, multiple sources of information provided that All State's primary source of revenue was the storage, production, distribution, and transportation of heroin fentanyl mixture. Investigators determined that All State sold heroin fentanyl mixture for several years throughout Middletown, Ohio.

11. On August 21, 2019, a federal grand jury in the Southern District of Ohio returned a superseding indictment (Case No. 1:19-CR-057, Doc. 61) against thirteen members of All State, charging the defendants with a narcotics conspiracy, among other offenses.

12. Through post-arrest interviews with All State defendants, confidential informant debriefings, and sources of information, investigators learned of a major heroin

fentanyl drug trafficking cell led by Frederick D. Hill, Jr. ("Hill"), which was partnered with All State as a source of supply. Hill is a cousin of Marqui Conley, aka Key Man, a former leader of All State who is now deceased.

13. The investigation has revealed that Hill had a direct Mexican cartel source of supply who he met in federal prison. The Mexican source regularly sent Hill multi-kilogram quantities of heroin fentanyl mixture, which enabled Hill to serve as the primary supplier of heroin fentanyl throughout Middletown, Ohio, and the surrounding areas. Hill operated his drug trafficking operation from residences located at 803 10th Avenue, Middletown, Ohio, and 1017 Garden Avenue, Middletown, Ohio.

14. An example of Hill's involvement in the distribution of heroin fentanyl mixture is illustrated by the interview of a cooperating defendant ("CD-1") by the Drug Enforcement Administration in New Jersey on or about May 7, 2019. CD-1 stated that he/she was involved in transporting narcotics and bulk cash for a drug trafficking organization in Mexico and that one of their main customers was Hill. CD-1 described overseeing numerous shipments of three to four kilogram quantities of heroin fentanyl mixture, concealed within semi-truck loads coming from California and Arizona, which were delivered to Hill. CD-1 described personally delivering three kilograms of heroin fentanyl mixture to Hill on April 6, 2019.

15. During the course of the investigation, investigators observed Hill using multiple residences, buildings, and vehicles. Hill routinely dressed in what appeared to be expensive clothing and jewelry. Investigators have not identified any known form of legitimate employment for Hill. Instead, his drug trafficking activities appeared to be his full time job. Based upon their training and experience, investigators believe that Hill had significant unexplained wealth, and his possessions appeared to be purchased with the proceeds of drug

trafficking.

16. On or about January 28, 2020, the FBI, with the assistance of other law enforcement agencies, executed a federal search warrant at 803 10th Avenue, Middletown, Ohio. Investigators seized, among other things, a Ziploc bag containing approximately 255.87 grams of heroin fentanyl mixture as later determined through lab analysis, 2 bags of a green leafy substance, 2 scales with white residue, cell phones, firearms, ammunition, miscellaneous documents, the 2013 Dodge Charger (Defendant 1), and the 2007 Cadillac Escalade (Defendant 2).

17. As previously indicated, Hill did not appear to have any legitimate employment during the course of the investigation. While Hill is the registered agent of a business by the name of "Inkspired (Body Art Tattoos and Designs)" with an address of 803 10th Avenue, Middletown, Ohio, the investigators did not find any documents, equipment, supplies, or any other property related to the business during the execution of the search warrant at 803 10th Avenue.

18. During the time that Hill was engaged in the distribution of heroin fentanyl mixture, he purchased two vehicles. According to Butler County Clerk of Courts records, on July 4, 2019, Hill purchased the 2013 Dodge Charger (Defendant 1) for $8,000.00, and on October 2, 2019, Hill purchased the 2007 Cadillac Escalade (Defendant 2) for $2,000.00. The titles for Defendants 1 and 2 do not show any liens.

19. On June 3, 2020, a federal grand jury in the Southern District of Ohio returned a five-count superseding indictment against Hill, charging him with four counts of possession of a firearm by a prohibited person, in violation of 18 U.S.C § 922(g), and one count of possession with intent to distribute 40 or more grams of fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Case No. 1:20-CR-012, Doc. 23). The charges are currently pending.

20. Hill has an extensive criminal history which includes, among other offenses, a

federal conviction for possession with intent to distribute over 500 grams of cocaine HCL.

21. On or about April 17, 2020, the FBI received a claim from Hill, asserting an ownership interest in the defendants.

22. Based on the foregoing facts, the United States asserts that the defendants represent property furnished or intended to be furnished in exchange for a controlled substance, represent proceeds traceable to such an exchange, or were used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846. Therefore, the defendants are subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that:

(a) pursuant to Rule G(3)(b)(i), Supplemental Rules, the Clerk issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendants and to retain the same in its custody subject to further order of the Court;

(b) the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendants to assert in conformity with the law a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for 30 consecutive days;

(c) the forfeiture of the defendants to the United States be confirmed, enforced, and ordered by the Court;

(d) the Court thereafter order the United States to dispose of the defendants as provided by law; and

(e) the Court award the United States all other relief to which it is entitled, including the costs of this action.

        Respectfully submitted,

        DAVID M. DEVILLERS
        United States Attorney

        s/Deborah D. Grimes
        DEBORAH D. GRIMES (0078698)
        Assistant United States Attorney
        Attorney for Plaintiff
        221 East Fourth Street, Suite 400
        Cincinnati, Ohio 45202
        (513) 684-3711
        Deborah.Grimes@usdoj.gov

## **VERIFICATION**

I, Matthew F. Wenker, hereby verify and declare under the penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated 9/11/2020

MATTHEW F. WENKER, Special Agent
Federal Bureau of Investigation

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff: Hamilton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Deborah D. Grimes, Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202    (513) 684-3711

## DEFENDANTS
One 2013 Dodge Charger, VIN 2C3CDXAT1DH549876, with All Attachments Thereon, et al.

County of Residence of First Listed Defendant: Hamilton
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Forfeiture pursuant to 21 U.S.C. § 881(a)(6)
Brief description of cause:
Forfeiture

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Susan J. Dlott
DOCKET NUMBER: 1:20-cr-012

DATE: 09/11/2020
SIGNATURE OF ATTORNEY OF RECORD: s/ Deborah D. Grimes

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE